IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELVA LOUISE PETERS                                                          PLAINTIFF

v.                              Civil No. 08-2006

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Elva Peters, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability, disability insurance benefits (DIB), and supplemental security income ("SSI") pursuant to Titles II and XIV of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background:**

The plaintiff filed her applications for DIB and SSI on December 13, 2005, alleging an amended onset date of May 10, 2006, due to personality disorder, depression, ankle pain, high blood pressure, and numbness in the leg. (Tr. 9-15, 304). An administrative hearing was held on June 19, 2007. (Tr. 284-316). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 45 years old and possessed an eighth grade education. (Tr. 58, 92). The record reveals that she had past relevant work experience ("PRW") as a housekeeper, retail department manager, food service worker, and salesperson. (Tr. 18).

AO72A
(Rev. 8/82)

On July 31, 2007, the Administrative Law Judge ("ALJ") determined that plaintiff had engaged in substantial gainful activity since her alleged onset date. (Tr. 14-15). Therefore, because there had been no continuous 12 month period during which plaintiff had not engaged in substantial gainful activity, he concluded that plaintiff was not disabled. (Tr. 15).

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on November 16, 2007. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

Plaintiff has the burden of proving his disability by establishing an impairment that prevented him from engaging in substantial gainful activity. *See* 42 U.S.C. ' ' 423(d)(1)(A), 1382c(a)(3)(A); *Smith v. Shalala*, 987 F.2d 1371, 1373 (8th Cir. 1993). A person who is engaged in substantial gainful activity cannot be eligible for disability benefits. 20 C.F.R. ' 404.1520(a) and (b); *King v. Chater*, 72 F.3d 85, 87 (8th Cir. 1995); *Cooper v. Secretary of Health and Human Services*, 919 F.2d 1317, 1319 (8th Cir. 1990). Substantial gainful activity is work activity that is both substantial and gainful which is defined at 20 C.F.R. ' 404.1572 as follows:

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) *Gainful activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

3

In determining whether the work activity a claimant performed shows he engaged in substantial gainful activity, the Commissioner is to use a variety of guides. Important criteria include the claimant's level of earnings derived directly from the work activity, if the claimant is working in a sheltered or special environment, and whether his earnings are being subsidized. *See* 20 C.F.R. ' 404.1574. Other factors to consider are the nature of the work, the adequacy of plaintiff's performance, if the work is done under special conditions, and the time spent at work. 20 C.F.R. ' 404.1573. The regulations create a rebuttable presumption that a plaintiff is substantially gainfully active if for the year 2006, plaintiff earned an average of $860.00 per month or $10,320.00 for the year. 20 C.F.R. § 404.1574(b)(2)(ii); *See also* Social Security Administration, *Substantial Gainful Activity*, *at* www.ssa.gov.

**Discussion:**

In the present case, the ALJ points out the evidence of record indicating plaintiff earned $14, 272.00 for 2006, thus creating the rebuttable presumption that plaintiff engaged in substantial gainful activity during the time period in question.. (Tr. 61, 66). During the time period in question, there is no evidence of record indicating that plaintiff's work was found to be inadequate or that plaintiff was working under special conditions. The ALJ contacted plaintiff's employer and was told that plaintiff worked as any other employee during the time in question, although she was given some lighter duties. (Tr. 15). After reviewing the entire evidence of record we find plaintiff has not rebutted the presumption that she engaged in substantial gainful activity during the time period in question. Accordingly, we find substantial evidence of record supporting the ALJ's determination that plaintiff was performing substantial gainful activity thru December 2006.

However, plaintiff contends that even if she was engaged in substantial gainful activity in 2006, because the administrative hearing was not until June 2007, the ALJ should have evaluated plaintiff's residual functional capacity for the first six months of 2007. In order to qualify as disabled under the Act, a person must have a physical or mental impairment that has lasted (or will last) twelve months and that prevents him or her from engaging in substantial gainful activity. *Timmerman v. Weinberger,* 510 F.2d 439, 442 (8th Cir. 1975). This has been interpreted to mean that both the impairment and the inability to work must last or be expected to last for 12 months. *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 980 (8th Cir. 2003). There is substantial evidence in the record to support the ALJ's finding that plaintiff engaged in substantial gainful activity after the onset of a severe impairment and continued to work in spite of that severe impairment.

In March 2004, plaintiff experienced her first heart attack. (Tr. 143-153). She underwent triple bypass surgery in October 2004, and experienced her second heart attack in December 2005. (Tr. 159-180, 194-201). Plaintiff had a third heart attack in May 2006, after which her cardiologist advised her to perform no work at all. (Tr. 202-215). Plaintiff last sought treatment for her heart condition later that month when a Nuclear Cardiology Imaging and Exercise Test revealed normal myocardial perfusion images, normal left ventricular systolic function without left ventricular dilation, negative submaximal exercise stress test with fair to good exercise tolerance. (Tr. 226-227). At some point thereafter, she returned to work and worked the remainder of the 2006 year. The administrative hearing was in June 2007, a little over a year after she had last sought medical treatment and six months after her last wage record indicates she was employed. While plaintiff had been off work for a period of 6 months, there is no

indication in the record that she sought medical treatment or was treated for her heart condition during that time period. There is also no evidence to indicate that plaintiff's heart condition had worsened. Therefore, we believe that the ALJ was correct in concluding that plaintiff was not disabled because she failed to show she was unable to engage in substantial gainful activity for any continuous period of at least twelve months. *See* 42 U.S.C. § 1382c(a)(3)(A) (individual is disabled for purposes of supplemental security income if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or can be expected to last for continuous period of at least 12 months); 20 C.F.R. § 416.920(b) (2004) (claimant is not disabled if he is engaged in substantial gainful activity).

Plaintiff also argues that the ALJ erred by requesting her earnings information subsequent to the hearing without advising plaintiff of his intention to do so or reporting his actions to plaintiff's counsel. She contends that this is a violation of her rights under the due process clause. Disability hearings are non-adversarial in nature and, therefore, do not require full courtroom procedures. *See Passmore v. Astrue*, 533 F.3d 658, 663-664 (8th Cir. 2008) (citations omitted). To determine whether the process afforded is sufficient under the due process clause, courts must balance

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

In the present case, plaintiff indicated that she had a heart attack in December 2005, but returned to work thereafter and remained employed until May 2006. (Tr. 304). On her medication list, she also stated that she "had to go back to work" but lived on Nitro Quick. (Tr. 137). She then amended it to say that she had to go back to work doing her housework. The ALJ questioned plaintiff about this at the administrative hearing, and she stated that she meant she had gone back to work at home. (Tr. 314-315). After the hearing, the ALJ requested plaintiff's earnings records, which showed she had worked the entire year of 2006. He then telephoned her employer to verify that plaintiff was indeed employed during the entire year and that no special accommodations were made for her employment. Given the fact that plaintiff misrepresented her employment status to the court on several occasions, we do not believe that her due process rights were in any way violated by the ALJ verifying her employment status after the hearing. It is common practice for the administration to request earnings records in disability cases. Therefore, plaintiff's counsel should have known that these records would be obtained and reviewed by the ALJ.

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of February 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE